UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RACCOON VALLEY TRANSPORT, INC. and AUDRIUS LABACIAUSKAS, individually and on behalf of all others similarly situated, | : : : : | No. 1:15-cv-01338-JG-JO |
| Plaintiffs, | : : : | DIRECT PURCHASER PLAINTIFF NATIONAL TRUCKING FINANCIAL RECLAMATION SERVICES, LLC'S |
| v. | : : | OPPOSITION TO REGIONAL INTERNATIONAL CORP.'S MOTION |
| ESPAR INC. and JOHN DOES 1-100, | : : | FOR CONSOLIDATION OF RELATED |
| Defendants. | : : : | ACTIONS |
| TRIPLE CITIES ACQUISITION, LLC d/b/a Cook Brothers Truck Parts, on behalf of itself and all others similarly situated, | : : : : | No. 1:15-cv-01343-JG-JO |
| Plaintiff, | : : | |
| v. | : : | |
| ESPAR INC. and ESPAR PRODUCTS INC., | : : | |
| Defendants. | : : | |
| REGIONAL INTERNATIONAL CORP., on behalf of itself and all others similarly situated, | : : : | No. 1:15-cv-01798-JO |
| Plaintiff, | : : | |
| v. | : : | |
| ESPAR INC. and ESPAR PRODUCTS INC., | : : | |
| Defendants. | : : | |

**135680**

| | |
|---|---|
| NATIONAL TRUCKING FINANCIAL RECLAMATION SERVICES, LLC, individually and on behalf of all others similarly situated, : : : : : : Plaintiff, : : v. : : ESPAR INC., ESPAR NORTH AMERICA, INC., and ESPAR PRODUCTS INC., : : : : Defendants. : : | No. 1:15-cv-02310-JG-JO |
| TRAILER CRAFT INC., on behalf of itself and all others similarly situated : : : Plaintiff, : : v. : : ESPAR INC., ESPAR PRODUCTS INC., WEBASTO PRODUCTS NORTH AMERICA, INC. AND WEBASTO THERMO & COMFORT NORTH AMERICA INC., : : : : : : Defendants. : : | No. 1:15-cv-02411-VVP |

135680

## INTRODUCTION

Direct purchaser plaintiff National Trucking Financial Reclamation Services ("National Trucking") submits its opposition to Regional International Corp.'s Motion for Consolidation of Related Actions. (Doc. 11 in Case No. 1:15-cv-02310-JG-JO) While cases brought by indirect purchasers of parking heaters under state laws to recover losses caused by the parking heaters price-fixing conspiracy should be coordinated with the direct purchaser cases for pretrial purposes, they should not be consolidated with them. Instead, the direct purchaser cases and the indirect purchaser cases should be separately consolidated and then coordinated for pretrial purposes. Indeed, National Trucking filed a motion to consolidate only the direct purchaser cases on April 28, 2015 (Doc. 10 in Case No. 1:15-cv-02310-JG-JO).[1] National Trucking's motion also sought the appointment of Michael Roberts and the Roberts Law Firm, P.A. as interim lead counsel for the direct purchasers.[2] Indirect purchaser plaintiffs Raccoon Valley Transport Inc. and Audrius Labaciauskas have also filed a response to Regional International's motion on May 13 (Doc. 12 in Case 1:15-cv-02310-JG-JO), in which they object to consolidation of the direct and indirect cases, but support coordination, principally of liability discovery.

## BACKGROUND OF THE LITIGATION

This litigation arises out of a conspiracy to fix, raise or maintain prices for parking heaters. National Trucking Complaint, Doc. 1 ("Compl.") ¶¶ 1. National Trucking alleges that

---

[1] At the time National Trucking filed the consolidation motion, there were only two direct purchaser cases. Subsequently, a third direct purchaser case was filed.

[2] Separate lead counsel should be appointed for the direct purchasers and the indirect purchasers. National Trucking takes no position regarding lead counsel for the indirect purchasers.

135680                                   1

the Espar Defendants engaged in a conspiracy to fix, raise or maintain prices for parking heaters (including the heaters themselves, accessories sold for use with heaters, and packaged kits containing heaters and selected accessories) sold for use in commercial vehicles from on or before October 1, 2007 through at least December 31, 2012. *Id*. ¶¶ 1, 3, 8.  While the Espar entities are currently the only Defendants, it is a certainty that others will be named as Defendants in the future, as Espar admitted it was part of an antitrust conspiracy.

Espar, Inc. recently entered a plea agreement for violating Section 1 of the Sherman Act before this Court on March 12, 2015, admitting to its participation in a parking heaters conspiracy. Sentencing is currently scheduled for June 5, 2015.  *Id*. ¶ 17.  As part of the guilty plea, Espar, Inc. agreed to pay a fine of $14,970,000. Plea Agreement, Case No. 1:15-cr-00028, Dkt. 16, ¶ 9 (E.D.N.Y.).  As part of the Plea Agreement, the Espar Defendants and related companies agreed to fully cooperate in the DOJ's ongoing investigation. *Id*. at ¶ 20.

## ARGUMENT

**I.   THE COURT SHOULD SEPARATELY CONSOLIDATE THE DIRECT AND INDIRECT PURCHASER CASES UNDER FED. R. CIV. P. 42 AND THEN COORDINATE THE TWO SETS OF CASES**

Given the substantial similarity of the parties and claims in the direct purchaser actions, National Trucking followed the guidance of the *Manual For Complex Litigation Fourth* and moved the Court for a Case Management Order that would provide for:

- Consolidation of the direct purchaser actions;

- Establishment of a master file along with efficient procedures for filing and docketing of papers with the Clerk of Court;

- Procedures for the consolidation of any later filed tag-along actions; and

- The appointment of Interim Lead Counsel.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions; or [] issue any other orders to avoid unnecessary cost or delay." *See Manual* § 10.123, 11-12 ("Pretrial proceedings [in pending related cases or case that may later be filed in the same court] should be coordinated or consolidated under Federal Rule of Civil Procedure 42(a) . . . .").

Consolidation of the direct actions under Fed. R. Civ. P. 42(a) is appropriate. Each action involves antitrust violations in connection with the sale of parking heaters and related products. The central factual and legal issues presented by these actions (primarily, the existence and effect of the alleged conspiracy) are common. Consolidation of the direct purchaser cases will expedite proceedings, reduce duplication, reduce the burden on parties and witnesses and minimize the expenditure of time and money. Moreover, consolidation of the direct purchaser cases will streamline and simplify pretrial and discovery motions, class certification issues, and generally reduce the inefficiencies that would result from prosecuting related cases of this nature separately. Because the direct purchaser cases are essentially the same, no direct purchaser or Defendant would be prejudiced by consolidation.

Plaintiff National Trucking, however, does not endorse Regional International's attempt to consolidate the direct and indirect cases. Indirect purchaser plaintiffs Raccoon Valley Transport Inc. and Audrius Labaciauskas also object to consolidation of the direct and indirect cases. National Trucking agrees with those indirect purchaser plaintiffs that the cases should be separately consolidated because the indirect purchasers' damages claims are solely based on state law and the classes will be different.

National Trucking must, however, point out in response to a statement in Raccoon Valley and Labaciauskas' opposition that there will be no apportionment of overcharge damages

135680                                    3

between the direct purchasers and the indirect purchasers. Indirect purchasers did not buy parking heaters from Defendants. Instead, they purchased them from, for example, distributors that purchased parking heaters from Defendants. Indirect purchasers cannot sue for damages under the federal antitrust laws. They may, however, as they have done, do so under state law. Indirect purchaser damages are based on direct purchasers passing through at least a portion of the overcharge they paid as a result of Defendants' anticompetitive conduct to customers farther down the chain of distribution. Federal law, however, provides that the direct purchasers can obtain and retain all overcharge damages regardless of whether or not they passed any of the overcharges on to indirect purchasers. *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

The direct purchasers from the Defendants are entitled to recover all the damages caused to them by the conspiracy, and Defendants cannot argue that the direct purchasers passed-on part of the overcharge in an effort to reduce the damages recoverable by the direct purchasers. *Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. 481 (1968). Any overcharge passed-on to indirect purchasers by the direct purchasers may be independently recoverable under state law by the indirect purchasers from the Defendants, but no part of the damages recovered by the direct purchasers has to be shared with any indirect purchaser.

## CONCLUSION

Based on the foregoing, National Trucking respectfully requests that Regional's motion be denied and that the direct purchaser cases be consolidated separately from the indirect cases.

Dated: May 18, 2015                               Respectfully submitted,


/s/ *Taylor Asen*
Taylor Asen
(New York Bar Number: 5101738)
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: 202-789-3960
Facsimile: 202-589-1813
tasen@cuneolaw.com

Jonathan W. Cuneo
CUNEO GILBERT & LADUCA, LLP
(New York Bar Number: 4389219)
(EDNY Bar Number: JC 1112)
507 C Street, N.E.
Washington, DC 20002
Telephone: 202-789-3960
Facsimile: 202-589-1813
jonc@cuneolaw.com

Michael L. Roberts
(New York Bar Number: 797099)
Debra G. Josephson
Stephanie E. Smith
ROBERTS LAW FIRM, P.A.
20 Rahling Circle, PO Box 241790
Little Rock, AR 72223-1790
Telephone: 501-821-5575
Facsimile: 501-821-4474
mikeroberts@robertslawfirm.us
debrajosephson@robertslawfirm.us
stephaniesmith@robertslawfirm.us

Don Barrett
DON BARRETT, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: 662-834-2488
Facsimile: 662-834-2628
donbarrettpa@gmail.com
dbarrett@barrettlawgroup.com

135680                                            5

        Charles Barrett
(New York Bar Number: 2978716)
CHARLES BARRETT, P.C.
6518 Highway 100, Suite 210
Nashville, TN 37205
Telephone:  615-515-3393
Facsimile:  615-515-3395
charles@cfbfirm.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: 215-238-1700
Facsimile: 215-238-1968
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

## CERTIFICATE OF SERVICE

I, Taylor Asen, hereby certify that a true and complete copy of the foregoing was file on the court's ECF system and sent via email on May 18, 2015 to the following:

Andrew J. Frackman, Esq.
O'MELVENY & MYERS, LLP
Times Square Tower
Seven Times Square
New York, NY 10036
(212) 326-2000
afrackman@omm.com

Attorneys for Defendants Espar Inc. and Espar Products Inc. in
*Triple Cities Acquisition LLC v. Espar, Inc. et al.*, Case No. 1:15-cv-01343

        /s/  *Taylor Asen*
        Taylor Asen

135680

7