```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re: PARKING HEATERS ANTITRUST        :
LITIGATION                              :
                                        :
THIS DOCUMENT RELATES TO:               :        SUMMARY ORDER
All Direct Purchaser Plaintiffs Actions in :     15-mc-940 (DLI)(JAM)
15-cv-1338 (DLI)(JAM)                   :
15-cv-1343 (DLI)(JAM)                   :
15-cv-1798 (DLI)(JAM)                   :
15-cv-2310 (DLI)(JAM)                   :
15-cv-2411 (DLI)(JAM)                   :
15-cv-3005 (DLI)(JAM)                   :
15-cv-3174 (DLI)(JAM)                   :
15-cv-3225 (DLI)(JAM)                   :
15-cv-3290 (DLI)(JAM)                   :
15-cv-3872 (DLI) (JAM)                  :
15-cv-4350 (DLI)(JAM)                   :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On September 30, 2019, this Court adopted the Report and Recommendations ("R & R") issued on August 15, 2019 by the Honorable James Orenstein, then U.S. Magistrate Judge of this Court (Ret.), and, accordingly, *inter alia*, granted final approval of the settlements between Direct Purchaser Plaintiffs ("DPPs")[1] and Defendants Espar, Inc., Espar Products, Inc., and Eberspaecher Climate Control Systems GmbH & Co. KG (collectively, "Espar") and Webasto Products North America, Inc., Webasto Thermo & Comfort North America, Inc., and Webasto Thermo & Comfort SE (collectively, "Webasto") (all collectively, "Defendants"), and certified the Settlement Class. *See*, Electronic Order, Sept. 30, 2019; R & R, Dkt. Entry No. 167.

On October 30, 2020, the Court granted DPPs' January 27, 2020, motion for distribution of funds, effective *nunc pro tunc* to February 5, 2020, pertaining to DPP actions with case numbers

---

[1] The DPPs are Triple Cities Acquisition LLC, d/b/a Cook Brothers Truck Parts; National Trucking Financial Reclamation Services, LLC; TrailerCraft Inc.; and Myers Equipment Corporation.

15-cv-1343, 15-cv-2310, 15-cv-2411, and 15-cv-3872, which, with other related cases, have been consolidated under this action.  *See*, Electronic Order, Oct. 30, 2020; Dkt. Entry No. 175. Following the first distribution of funds, payments to 62 eligible class members totaling $259,319.52 remained uncashed and were voided.  *See*, Decl. Peter T. Sperry, Mar. 22, 2022, ¶ 12, Dkt. Entry No. 180-2.  On April 28, 2022, the Court entered an order for a second distribution of the remaining funds, after which payments to 15 eligible class members totaling $2,176.25 remained uncashed and were voided.  *See*, Electronic Order, Apr. 28, 2022; Decl. Peter T. Sperry, Sept. 18, 2023, ¶ 10, Dkt. Entry No. 182-2.  The settlement fund now contains the remaining $2,176.25.

The settlement agreements allow for *cy pres* allocation of settlement funds "to an appropriate 501(c)(3) non-profit organization selected by Class Co-Lead Counsel and approved by the Court" when the "remaining balance in the [settlement fund] is *de minimis*."  *See*, Decl. Seth R. Gassman, Jan. 18, 2018, Ex. 1 ¶ 46 & Ex. 2 ¶ 50, Dkt. Entry No. 146-2.  Here, DPPs move to distribute the remaining settlement funds to Citymeals on Wheels ("Citymeals").

Courts utilize *cy pres* distributions "where class members are difficult to identify, or where they change constantly, or where there are unclaimed funds."  *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007).  *Cy pres* distributions of unclaimed funds are "warranted where the amount to be distributed to the remaining class members is small relative to the administrative costs of a direct distribution."  *In re MetLife Demutualization Litig.*, 689 F. Supp.2d 297, 343 (E.D.N.Y. 2010).  Here, a direct distribution of the remaining $2,176.25 to the over 200 eligible class members would result in less than $11 per person.  Such an amount is *de minimis* and small relative to the administrative costs of direct distribution.  Accordingly, the Court finds that a *cy pres* distribution pursuant to the settlement agreements is appropriate.

The Court also must assess the appropriateness of the *cy pres* designee. There are two standards that courts use: under the "reasonable approximation" standard, courts select a designee that reasonably approximates the interests of the class, and under the "next best" standard, courts select a designee that is "as near as possible" to the original beneficiaries. *See*, *Capsolas v. Pasta Res. Inc.*, 505 F. Supp.3d 255, 259 (S.D.N.Y. 2020) (observing that the Second Circuit has not held which standard applies). As some courts have noted, the "next best" standard was imported from the context of trusts, for which *cy pres* designations have different goals and purposes, and thus is the less appropriate standard. *See*, *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp.3d 845, 850 (S.D.N.Y. 2016). Accordingly, the Court uses the "reasonable approximation" standard.

DPPs propose Citymeals as the appropriate *cy pres* recipient because its philanthropic meal delivery services to homebound elderly people in New York are related to the interests of class members. The class members' interests in the underlying action related to maintaining competitive pricing for commercial vehicle parts. Citymeals depends on commercial vehicles for transportation. The Court finds that Citymeals reasonably approximates the interests of the class, and finds no "good cause not to defer" to DPPs' selection of Citymeals as the *cy pres* recipient. *See*, *Chen v. XpresSpa at Terminal 4 JFK LLC*, 2021 WL 4487835, at *6 (E.D.N.Y. Oct. 1, 2021).

Accordingly, the motion for *cy pres* distribution of settlement funds is granted. All remaining settlement funds are hereby authorized to be issued to Citymeals on Wheels.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2024

/s/
DORA L. IRIZARRY
United States District Judge
